**394·15**

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

CODY LAMONT BLAYLOCK
            Petitioner,

VS.

STATE OF TEXAS
            Respondent,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

In Appeal No.12-13-00363-CR
From The Court Of Appeals
For The Twelfth Judicial District
Tyler,Texas

CODY LAMONT BLAYLOCK
TDCJ-CID#1898529
2661 FM 2054
TENN COLONY,TX 75884

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

                                                                    Page

INDEX OF AUTHORITY                                                    i

STATEMENT REGARDING ORAL ARGUMENT                                     1

STATEMENT OF THE CASE                                                 1

STATEMENT OF PROCEDURAL HISTORY                                       2

GROUNDS FOR REVIEW                                                              2

    EXCESSIVE SENTENCING.WHETHER THE COURT OF APPEALS
    TWELFTH DISTRICT OF TEXAS ERRED IN HOLDING
    SENTENCE WAS NOT EXCESSIVE?                                         2

    INEFFECTIVE ASSISTANCE OF COUNSEL: PETITIONER'S
    PLEA OF GUILT WAS INVOLUNTARY GIVEN BASED ON
    COUNSEL'S ILL ADVICE.                                              2

    WHETHER THE COURT OF APPEALS TWELFTH DISTRICT OF
    TEXAS ERRED IN FINDING THAT PETITIONER'S PLEA WAS
    VOLUNTARILY GIVEN?                                                 2

ARGUMENT                                                                       2

PRAYER FOR RELIEF                                                              6

APPENDIX

## INDEX OF AUTHORITY

| Cases | Page |
|---|---|
| Apprendi v. New Jersey,530U.S. 466(2000) | 3 |
| Blakely v. Washington, 542U.S. 296(2004) | 3 |
| Hill v. Lockhart,474 U.S. 52(1985) | 4 |
| Hernandez v. State,726 S.W.2d 53(Tex,Crim.App.1986) | 2 |
| Strickland v. Washington,466 U.S. 668(1984) | 2,5 |
| Virgil v. Dretke,446 F.3d 598(5th Cir.2006) | 5 |
| Wiggins v. Smith,539 U.S. 510(2003) | 4,5 |

## STATUTES  &  RULES

| | | | |
|---|---|---|---|
| TEX.R.A.P. | RULE | 68.4(a) | i |
| TEX.R.A.P. | RULE | 68.4(b) | ii |
| TEX.R.A.P. | RULE[S] 68.4(c), (d) | | 1 |
| TEX.R.A.P. | RULE | 68.4(e), (f),(g) | 2 |
| TEX.PEN.CODE ANN. Art. § 30.05(a)(1) | | | 4 |

**IN THE**
COURT OF CRIMINAL APPEALS
OF TEXAS

---

CODY LAMONT BLAYLOCK

VS.

STATE OF TEXAS

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

STATEMENT REGARDING ORAL ARGUMENT T.R.A.P. 68.4(c)

Petitioner requests oral argument to better assist the Court in reaching a decision.

STATEMENT OF THE CASE T.R.A.P. 68.4(d)

Petitioner was convicted on November 7th,2013 of the felony offense of engaging in organized crime. Petitioner was originally placed on probation in cause No.114-1070-10 on December 13,2010. After committing a criminal trespass and failing to pay fees the State moved for a "Final adjudication". This case was adjudicated in the 114th judicial district Court of Smith County,Texas.

## STATEMENT OF PROCEDURAL HISTORY   T.R.A.P. 68.4(e)

This case originated in the 114th Judicial District Court of Smith County,Texas. The Honorable Christi Kennedy presided. After initially being placed on probation the State moved to Final adjudication based on a violation on November 7th, 2013. This was cause No.114-1070-10. He was given an opportunity to appeal. He timely appealed. Appellate counsel was appointed to represent him in 12-13-00363-CR. Counsel moved to withdraw, and on April 30,2014 the Clerk ordered that the motion be passed for considera -tion with the merits of the appeal. Petitioner filed his pro se Brief in the Twelfth Court of Appeals on July 03,2014 according to the file stamp date. This Court has granted an extension of time to file a Petition for discretionary review until June 02, 2015. This petition for discretionary review is timely filed.

## GROUNDS FOR REVIEW   T.R.A.P.   68.4(f)

EXCESSIVE SENTENCING. WHETHER THE COURT OF APPEALS TWELFTH DISTRICT OF TEXAS ERRED IN HOLDING SENTENCE WAS NOT EXCESSIVE?

#2
INEFFECTIVE ASSISTANCE OF COUNSEL: PETITIONER'S PLEA OF GUILT WAS INVOLUNTARY GIVEN BASED ON COUNSEL'S ILL ADVICE.

WHETHER THE COURT OF APPEALS TWELFTH DISTRICT OF TEXAS ERRED IN FINDING THAT PETITIONER'S PLEA WAS VOLUNTARILY GIVEN?

## ARGUMENT   T.R.A.P.   68.4(g)

Ineffective assistance of counsel is governed by the well-known standard set forth in Strickland v. Washington,466 U.S.668,104 S.Ct. 2052, 80 L.Ed.2d 674(1984); Hernandez v. State,726 S.W.2d 53 Tex.Crim.App.1986) Petitioner must show that his counsel's performance was deficient. Second, he must show that the deficient performance prejudiced him at trial. That a reasonable probability but for counsel's conduct the outcome of the case would have been different.

-2-

**beem** different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. Id.,

In the case at bar,petitioner has stated that he was sentenced to an excessive amount of time given his criminal background and the relative minor infraction he purportedly committed. While, the trial Judge has wide latitude in revocation case[s],an abuse of discretion may result when the Judge sentences a defendant to an excessive amount of time for a relatively minor crime. Blakely v. Washington,542 U.S. 296(2004). In this case, petitioner was facing the full range of punishment for violating his probation for engaging in organized crime. So in truth, the full range of punishment was available to the Court. However, it must be factored that petitioner had no real criminal background per se, except what he was initially placed on probation for. He had a job and support within the community. While he was slow paying his fees, this was not, and should not have been determinative in revoking his probation. The purported criminal trespass should have been looked into more thoroughly by counsel. Even given the revocation on the basis of a criminal trespass, a twenty (20) year sentence was not warranted in this case. In essence, petitioner was sentenced to twenty(20) years for criminal trespassing which is excessive. Apprendi v. New Jersey,530 U.S. 466(2000).(holding sentence imposed in excess of maximum sentence based on the findings made by Judge) While the Judge made the findings which led to the revocation of petitioner's probation,she could have exercised more reasonableness given such a minor infraction, which he may not even be guilty of.

-3-

While petitioner had a very active juvenile history, this is inadmissible and usually sealed for purposes of sentencing. The Judge should have reinstated probation given that petitioner faced a misdemeanor criminal trespass. This offense(criminal trespass) was not admissible for enhancement in any other criminal proceeding. It defies reason and sound judgment that it would cause petitioner to be sentenced to twenty (20) years in prison, basically for a misdemeanor. Again a violation (criminal trespass) of deferred adjudicated probation subjects a defendant to the full range of punishment for the first degree felony offense(engaging Org/crime) probated (5 to 99 years,Life). Clearly, the Judge in this case has sentenced petitioner excessively. The punishment does not fit the crime. The Court should reform the judgment and tailor the sentence to fit the crime. While this seems unlikely, a remand is necessary for resentencing.

WHETHER THE TWELFTH COURT OF APPEALS ERRED IN FINDING THAT PETITIONER'S PLEA OF GUILT WAS VOLUNTARILY GIVEN?

Petitioner herein asserts that his guilty plea was involuntary based on the ill advice of counsel. Hill v. Lockhart,474 U.S. 52(1985) He asserts that had counsel properly investigated issues relative to and surrounding criminal trespass counsel would have filed an appeal to challenge this faulty conviction. Wiggins v. Smith,539 U.S. 510 (2003). Petitioner in his haste to be free again,coupled with his ignorance of the law represented himself when he should not have and pled guilty to trespass when ,in fact, no trespass had occurred. Access to public road to where he dropped his relative off in front of campus housing does not constitute the offense of criminal trespass. See Tex.Pen.Code Ann.§ 30.05(a)(1). Had counsel

-4-

took time to investigate the law and facts surrounding this case he would have discovered this fact. Absent a criminal trespass conviction the State is hard pressed to violate probation given that no violation ever occurred. Counsel advocating effectively would have brought this to the Court's attention along with State's counsel and reinstated probation. Counsel had a duty to discover what petitioner was being violated for, and to determine if in fact the law was broken. Strickland ,Id. Counsel instead advised his client to plead guilty and stipulate to all facts surrounding the probation violation. No reasonable counsel would fail to investigate the facts of a case before determining that the law was broken. Strickland,id. Counsel's only responsibility is reasonableness under prevailing professional norms. Here, the erroneous advise of counsel caused petitioner to receive a (20) twenty year sentence. Petitioner has alleged facts which, if true, would entitle him to relief.

Pursuant to Wiggins v. Smith, 539 U.S. 510(2003) counsel had a duty to investigate and determine a reasonable course for his client. Blindly agreeing to stipulate to all evidence and facts without an investigation is simply not sound strategy and is so ill chosen that it permeated this entire proceeding with obvious unfairness. Virgil v. Dretke,446 F.3d 598(5th Cir.2006) Clearly, counsel's conduct in failing to investigate that no criminal trespass occurred and making an informed decision with regard to advising his client to plead, was deficient performance. Strickland,Id. This deficiencyprejudiced petitioner costing him a twenty (20) sentence. Probation should have been reinstated. Accordingly, this court should grant PDR and appoint counsel for briefing.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, petitioner respectfully prays that this Honorable Court would appoint counsel for briefing regarding his ineffective assistance claim and grant this Petition for discretionary review.

Respectfully submitted,

*Cody Blaylock*

Cody Lamont Blaylock#1898529
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

## CERTIFICATE OF SERVICE

I, Cody L. Blaylock hereby certify that a true and correct copy of his Petition for discretionary review was sent to the Clerk of the Texas Court of Criminal Appeals postage prepaid by placing same in the U.S. mail to: Clerk, P.O. Box 12308 Capitol Station Austin, Texas 78711. Executed on 31st day of May 2015.

*Cody Blaylock*
signature

# NO. 12-13-00363-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODY LAMONT BLAYLOCK,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Cody Lamont Blaylock appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was indicted for the first degree felony offense of engaging in organized criminal activity by committing aggravated assault with a deadly weapon as a member of a criminal street gang.[1] Appellant and the State entered a negotiated plea agreement for an agreed punishment of deferred adjudication community supervision for ten years in exchange for Appellant's "guilty" plea and pleas of "true" to the allegations that he used a deadly weapon and that he was a member of a criminal street gang at the time of the offense.

In accordance with the agreement, the trial court placed Appellant on deferred adjudication community supervision for a ten year period in December 2010. The trial court also

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011), § 71.02(a)(1), (b) (West Supp. 2014).

considered two additional charges in determining whether to place Appellant on deferred adjudication community supervision.[2]

The State filed an application to proceed to final adjudication in May 2012. Appellant pleaded "true" to most of the allegations. After a hearing, the trial court denied the application.

In October 2013, the State filed another application to proceed to final adjudication. The State twice amended its application. In the application, the State alleged that Appellant failed to abide by the terms of his community supervision in that he (1) committed the offense of criminal trespass, (2) failed to pay for urinalysis testing on numerous occasions, (3) failed to pay supervision fees and court costs, and (4) failed to obtain a GED as ordered by the court. At the subsequent hearing, Appellant pleaded "true" to each paragraph in the application. The trial court adjudicated Appellant's guilt, found him guilty of the offense, and found that the allegations that he used a deadly weapon and was a member of street gang were true. After a hearing on punishment, the trial court sentenced Appellant to twenty years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Appellant filed a pro se brief in which he raised issues that his sentence was excessive and that he received ineffective assistance of counsel when he was advised to plead "guilty" and "true" to the State's application to proceed to final adjudication, rendering the pleas involuntary. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2] *See* TEX. PENAL CODE ANN. § 12.45(a) (West 2011).

2

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 4, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# . JUDGMENT

MARCH 4, 2015

NO. 12-13-00363-CR

**CODY LAMONT BLAYLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1070-10)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*